UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. JUNE E. KALLOS; DAVID ELLIOT TASH,

    Plaintiffs,

-against-

BENJAMIN JULES KALLOS,

    Defendant.

19-CV-7724 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiffs, appearing *pro se*, bring this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. By order dated November 6, 2019, the Court granted Plaintiffs' requests to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiffs Dr. June E. Kallos ("Dr. Kallos") and David Elliot Tash ("Tash") bring this action against Benjamin Jules Kallos ("Benjamin"), alleging the following facts.[1] Dr. Kallos is a 75-year-old woman who suffers from Parkinson's disease. She is a cognitive behavioral psychologist, but she no longer works in that capacity because of her illness. She resides in Manhattan with Tash, who is her partner and also her paid aide through the Consumer Directed Personal Assistant Program (CDPAP).

---

[1] Plaintiffs filed their complaint on August 16, 2019. Four days later, on August 20, 2019, Plaintiffs filed an amended complaint.

Dr. Kallos and her only son, Benjamin, a New York City Councilman, are estranged and have not had any contact for many years. Dr. Kallos and Tash allege that Benjamin does not approve of their relationship, and Benjamin has made numerous complaints to Adult Protective Services (APS). Dr. Kallos and Tash assert that Benjamin uses APS as "a tool for retaliation and is psychologically abusing and harassing his mother." (ECF No. 4 at 4.)[2]

Tash alleges that he was falsely arrested on September 1, 2017, that Benjamin was the cause of the false arrest, and that his purpose in having Tash arrested was to "cause harm and mental distress." (*Id.*) Tash asserts that Benjamin's actions "did cause emotional and financial damages with legal fees and medical bills amounting to more than $100,000.00 for his mother, Dr. June Kallos, and her caregiver David Tash." (*Id.*) The misdemeanor information attached to Plaintiffs' complaint lists the factual basis for the charges as follows:

> On September 1, 2017, the defendant appeared at a public meeting conducted by Mr. Kallos at 244 East 93rd Street, despite having been instructed by Mr. Kallos to stay away from Mr. Kallos and all public meetings conducted by him. Mr. Kallos became fearful for his safety upon seeing the defendant at the meeting. Mr. Kallos concluded the meeting and left the location. The defendant followed Mr. Kallos out of the building. Mr. Kallos began running away from the defendant, and the defendant pursued Mr. Kallos, and shouted, in substance to Mr. Kallos, "your mother is dying."

(*Id.* at 30.)

Dr. Kallos and Tash assert that all charges were dismissed, and that the case was sealed in January 2018. They assert further that the arrest and prosecution were based on "untruths in a false police report and the Complaining Witness (CW) misleading the DA's office." (*Id.* at 4.) Plaintiffs allege that "the arrest and prosecution occurred ONLY because the complaining

---

[2] Page numbers refer to those generated by the Court's electronic filing system.

witness is an elected official and with improper means misusing the power of his office acting especially with malice to intentionally cause harm." (*Id.*)

Plaintiffs allege that Benjamin's actions caused monetary damages of more than $100,000.00 for medical bills and legal fees. Tash alleges that he was taken to the hospital at the time of his arrest and that he was shackled and handcuffed to a bed for six days without being arraigned. Tash also asserts that the arrest impacted his ability to care for Dr. Kallos for almost one year, resulting in approximately $40,000 in lost wages. Plaintiffs seek to have Benjamin reimburse them for their out-of-pocket expenses. They also seek to have this Court enjoin Benjamin from making untrue reports and from attempting to convert Dr. Kallos's ownership of her cooperative apartment to him. Plaintiffs also wish to have this Court "strongly recommend that June and Ben go into counseling to normalize their fractured relationship." (*Id.* at 5.)

## DISCUSSION

### A. Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

4

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

1. **Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiffs' claims under 42 U.S.C. § 1983 against Benjamin in his official capacity as New York City Councilman must be dismissed. A complaint brought under § 1983 alleging violations of a plaintiff's federally protected rights by a municipality, or its officers or employees in their official capacities, must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72,

80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiffs fail to allege facts that plausibly give rise to a claim that their injuries were caused by any policy or custom of the City of New York. Thus, their § 1983 claims against Benjamin in his official capacity as New York City Councilman must be dismissed.[3]

## 2. Diversity of Citizenship Jurisdiction

Plaintiffs also do not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiffs indicate in the complaint that all parties reside in New York, precluding complete diversity of citizenship.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiffs and note service on the docket.[4] Plaintiffs amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is

---

[3] If Tash wishes to pursue a claim for false arrest against appropriate defendants, he may file a new action in this Court. Tash is advised that any new action he files must be accompanied by either the $400.00 in filing fees or a completed and signed request to proceed IFP. If Tash needs legal advice related to this matter, he may contact the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to this order.

[4] Tash has consented to electronic service.

dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Plaintiffs' request for injunctive relief is denied as moot.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 25, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge